# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2039

_____

Danette Hester

*Plaintiff - Appellant*

v.

United States Department of Treasury, Secretary, Scott Bessent[1]

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: March 19, 2025
Filed: May 9, 2025

_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.

_____

BENTON, Circuit Judge.

Danette L. Hester applied for a Criminal Investigator position with the Internal Revenue Service but was not hired. After she filed a discrimination complaint, the IRS proposed to terminate her for alleged misconduct. Hester sued,

_____

[1]Secretary Bessent is automatically substituted for his predecessor under Federal Rule of Appellate Procedure 43(c)(2).

claiming discrimination and retaliation. The district court[2] granted summary judgment to the IRS. Hester appeals. Having jurisdiction under 28 U.S.C. §1291, this court affirms.

I.

Danette Hester began work as a Special Agent for the IRS in Iowa in 2006. Her responsibilities included developing education materials and serving as an instructor for incoming Special Agents.

In December 2020, the IRS posted a job announcement for a Criminal Investigator and Senior Resident Course Developer/Instructor ("RCDI") in Georgia. The posting listed two vacancies. Hester applied.

In March 2021, she interviewed with a panel—National Training Academy Director Christopher J. Altemus Jr., Assistant Director Melissa D. McFadden, and Supervisory Academy Instructor Nicholas Rice. Altemus was the "selecting official."

The panel interviewed four applicants. After the interviews, Altemus emailed Acting Deputy Director Kristina O'Connell: "In the end, we all agreed that Winston De Feria is our number 1 option and Danette Hester is our number 2 option for these positions." Altemus concluded: "[M]y recommendation is to offer the positions to Winston and Danette." A few hours later, O'Connell replied: "Given our upcoming HQ re-organization, I am going to limit you to one selection at this time. I will leave the one applicant selection to you."

Hester was notified that she did not get the job.

---

[2]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

On July 9, 2021, Hester filed a complaint with the Equal Employment Opportunity Commission, alleging race, age, and sex discrimination. Seven months later, she received a notice from the IRS proposing her removal as a Special Agent, citing conduct inconsistent with her law enforcement duties and misuse of a government-owned vehicle. She filed a retaliation complaint with the EEOC.

On June 24, 2022, the IRS sent a letter terminating her. She contested the termination before the Merit Systems Protection Board, which rescinded it in favor of a 30-day suspension without pay.

Hester, a 53-year-old Black woman, sued in district court, alleging retaliation and race, sex, and age discrimination. The district court granted the IRS's motion for summary judgment on all counts.

This court reviews de novo a grant of summary judgment. ***Torgerson v. City of Rochester***, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). "Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." ***Id***. "Facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." ***Id***. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248 (1986).

## II.

Hester challenges the adverse judgment on her race and sex discrimination claims. She must establish: (1) she was a member of a protected group; (2) she was qualified to perform the job; (3) she suffered an adverse employment action; and (4) circumstances permit an inference of discrimination. ***Xuan Huynh v. U.S. Dep't of Transp.***, 794 F.3d 952, 958 (8th Cir. 2015). If she meets these requirements, the

burden shifts to the IRS to articulate a "legitimate, nondiscriminatory reason for" each of its adverse actions. ***Id.***

Hester met her initial burden. She is a member of a protected class. She suffered an adverse employment action when she was not selected for the position, and the circumstances permitted an inference of discrimination (the applicant selected was a non-African American male).

The burden shifts to the IRS, which must provide a legitimate, nondiscriminatory reason for the adverse action. The IRS asserts that Hester was not hired because only one position was filled. In a contemporaneous email, Director O'Connell explained: "Given our upcoming HQ reorganization, I am going to limit you to one selection . . . ." Selecting official Altemus indicated the hiring panel's top choice: "In the end, we all agreed that Winston De Feria is our number 1 option and Danette Hester is our number 2 option for these positions." Altemus added that although both De Feria and Hester had strong credentials, the committee sought a candidate with "international case experience, experience teaching international classes both in person and virtually, and fluency in Spanish." While Hester met the first two criteria, she did not speak Spanish.

If an employer satisfies its burden, the plaintiff bears the burden to produce evidence that the proffered nondiscriminatory reason is merely a pretext for discrimination. ***Grant v. City of Blytheville***, 841 F.3d 767, 773 (8th Cir. 2016). A plaintiff may demonstrate a material question of fact about pretext by showing that either the employer's explanation has "no basis in fact" or that a "prohibited reason more likely motivated the employer." ***Torgerson***, 643 F.3d at 1047.

Hester argues that the timing of the HQ re-organization was unusual: "the decision to re-structure was announced the same month as when the position was posted; yet, neither interviewers nor the candidates were informed that there would only be one vacancy." She argues that this in and of itself raises a genuine issue of material fact by asking why the panel was "not informed of the re-organization and

instead was allowed to go through an application and interview process with four candidates for two vacancies."

Hester overlooks that O'Connell entrusted the hiring decision to Altemus, whose email indicates the hiring panel unanimously favored De Feria for the position. Further, no evidence indicates that O'Connell was aware of Hester's race or sex, nor does any evidence suggest that the second Senior Resident Court Developer/Instructor position was ever filled. Hester failed to provide any specific evidence, either directly or indirectly, suggesting that her age or race played a role in the decision not to promote her.

III.

Hester disputes the district court's dismissal of her age discrimination claims. To establish a prima facie case of age discrimination, a plaintiff must demonstrate that she: (1) was at least forty years old, (2) experienced an adverse employment action, (3) was meeting her employer's legitimate expectations at the time of the adverse action, and (4) was replaced by someone substantially younger. *Morgan v. A.G. Edwards & Sons, Inc.*, 486 F.3d 1034, 1039 (8th Cir. 2007). Hester is four years older than De Feria. A four-year age gap is not significant enough to support an age discrimination claim. *See Schiltz v. Burlington N.R.R.*, 115 F.3d 1407, 1413 (8th Cir. 1997) (finding that an age difference of five years or less is not "substantially younger").

IV.

Hester sued for retaliation, which was the proposed removal after her initial complaint for discrimination. To establish a prima facia case for retaliation, she must show: (1) she engaged in statutorily protected activity; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse action. *Gilbert v. Des Moines Area Cmty. Coll.*, 495 F.3d 906, 916 (8th Cir. 2007). The adverse employment action at issue is the

February 22, 2022 letter "proposing that she be removed from service or otherwise disciplined."

Hester's discrimination complaint is unquestionably statutorily protected activity. ***AuBuchon v. Geithner***, 743 F.3d 638, 641 (8th Cir. 2014) (holding that "filing an EEOC complaint" is "protected activity").

"The antiretaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm." ***Burlington N. & Santa Fe Ry. Co. v. White***, 548 U.S. 53, 67 (2006). "A plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." ***Id***. A letter proposing to terminate an employee could dissuade a reasonable worker from advancing a charge of discrimination. In the letter Hester received, the IRS expressed "grave concerns about [her] judgment," and a lack of confidence in her ability to perform her duties as a special agent. The IRS sought a severe penalty, noting that removal was the "only reasonable sanction." The MSPB disagreed, reducing the termination to a 30-day suspension. A reasonable juror could find that Hestor suffered an adverse employment action.

Nevertheless, Hester's claim fails on the third prong. She offers no evidence to establish a connection between her discrimination complaint and the proposal of her termination—which came seven months later. Her only argument—timing—does not establish a causal connection. *See **Nelson v. J.C. Penney Co.***, 75 F.3d 343, 346 (8th Cir. 1996) (rejecting "the mere coincidence of timing" as a basis for raising an inference of causation by itself) (gap of one month); ***Ebersole v. Novo Nordisk, Inc.***, 758 F.3d 917 (8th Cir. 2014) ("Although we have not drawn a definitive line, we have determined that a one-month or two-month lag is too long absent other evidence.") (gap of seven months).

\* \* \* \* \* \* \*

The judgment is affirmed.

_____